CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRSIONBURG DIVISION

| | |
|---|---|
| MARSHA LAMBERT MAINES, | Civil Action No. 5:16CV00009 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | Hon. Glen E. Conrad |
| RONALD J. GUILLOT, JR., et al., | Chief United States District Judge |
| Defendants. | |

Plaintiff Marsha Lambert Maines, proceeding pro se and in forma pauperis, filed this action against Ronald J. Guillot, Jr.; Kimberly E. Hartin; Johnie R. Muncy; American Mortgage Investment Partners ("AMIP"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). Guillot, Muncy, AMIP, and MERS have moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions will be granted and the complaint will be dismissed as to all defendants.[1]

## Background

The following facts are either set forth in the complaint, supported by documents referenced or relied upon in the complaint, or are matters of public record of which the court is permitted to take judicial notice. See Phillips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of

---

[1] Hartin was never served with process and, thus, has not moved for dismissal. Nonetheless, because the plaintiff does not assert any claims against Hartin that are not also asserted against the other defendants, the court will sua sponte dismiss the complaint against Hartin for the same reasons set forth herein. See 28 U.S.C. § 1915(e)(2)(B) (providing that the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

matters of public record. We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (internal citations omitted).

On September 12, 2005, the plaintiff obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") for property located at 102 Dinwiddie Court in Stephens City, Virginia. The loan was secured by a deed of trust on the property in favor of MERS as beneficiary and nominee for Countrywide. In 2010, MERS assigned the deed of trust to BAC Home Loans Servicing, LP. The deed of trust was later assigned to Wilmington Savings Fund Society, FSB, D/B/A Christina Trust as Trustee of the Residential Credit Opportunities Trust ("Wilmington").

On May 6, 2015, the plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Western District of Virginia. On July 24, 2015, the bankruptcy case was converted to one under Chapter 7. Thereafter, Wilmington filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362. On October 13, 2015, the bankruptcy court entered an order granting Wilmington's motion and permitting "Wilmington and its successors and assigns to proceed under state law as it pertains to the real property located at 102 Dinwiddie Court, Stephens City, VA 22655-5901." In re Maines, No. 15-60865 (Bankr. W.D. Va. Oct. 13, 2015). The plaintiff moved to stay the bankruptcy court's order pending appeal to this court.[2] The bankruptcy court denied the plaintiff's motion, and the subject property was sold at a foreclosure sale on November 24, 2015.

On February 1, 2016, the plaintiff filed the instant action against Guillot, Hartin, Muncy, AMIP, and MERS. According to the complaint, Guillot, Hartin, and Muncy are attorneys employed by the law firm of Samuel I. White, P.C., which served in the capacity as substitute

---

[2] That appeal remains pending.

2

trustee for the foreclosure proceedings. The defendants indicate that AMIP is the servicing agent for the underlying loan.

While the plaintiff's allegations are difficult to follow, she appears to assert the following claims in the instant action: (1) that the defendants unlawfully foreclosed on the property after receiving notice of her intent to rescind the loan pursuant to the Truth in Lending Act; (2) that the defendants violated the Virginia Consumer Protection Act; (3) that the defendants violated the Fair Debt Collection Practices Act; and (4) that the defendants engaged in identity theft. The plaintiff seeks to recover statutory damages, actual damages, and attorney's fees and litigation costs.

Guillot, Muncy, AMIP, and MERS have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court notified the plaintiff of the defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The motions are now ripe for decision.

## Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a pro se litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

3

Under 28 U.S.C. § 1915(e), which applies to cases filed in forma pauperis, the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

### I. Truth in Lending Act

In her statement of facts, the plaintiff alleges that she served a "Notice of Intent of Rescission" on "this set of defendants," pursuant to 15 U.S.C. § 1635(i)(1), after receiving notice of the foreclosure sale. Compl. 5. The plaintiff further alleges that the defendants "ignored the legal notices and proceeded with their theft anyways." Id.

To the extent the plaintiff seeks to recover damages for an alleged violation of the Truth in Lending Act ("TILA"), the court concludes that such claim is subject to dismissal. TILA requires "creditors" to make certain disclosures to borrowers at the time a loan is made. See 15 U.S.C. § 1638(a). "If the creditor fails to comply with this mandate, the borrower has the right to rescind up to three years after the transaction." Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012) (citing 15 U.S.C. § 1635(f)). TILA also provides an additional right to rescission in the face of a judicial or non-judicial foreclosure. 15 U.S.C. § 1635(i)(1). However, this right is subject to the same three-year limitation period. Id.; see also Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015) (emphasizing that the right to rescind "does not last forever," and that "[e]ven if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first'") (quoting 15 U.S.C. § 1635(f)) (emphasis in original).

4

In this case, the plaintiff does not allege facts sufficient to establish that any of the named defendants are creditors subject to liability under TILA. See 15 U.S.C. § 1602(g) (defining a "creditor" as "a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement"). Moreover, based the facts alleged, any right to rescission that the plaintiff may have had under TILA expired long before she served a "Notice of Intent of Rescission" on this "set of defendants." Compl. 5. Because the plaintiff no longer had the right to rescind her 2005 loan transaction at the time foreclosure proceedings were initiated in 2015, she has no plausible claim for damages under TILA. See Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 902 (3d Cir. 1990) (concluding that borrowers' "entitlement to statutory damages under 15 U.S.C. § 1640 is . . . wholly dependent upon, and flows directly from, their entitlement to rescissory relief"); Bradford v. HSBC Mortg. Corp., 838 F. Supp. 2d 424, 434 (E.D. Va. 2012) (observing that "any right to damages for a lender's failure to rescind necessarily depends on the TILA claimant's entitlement to rescission"). Accordingly, to the extent the plaintiff intended to assert a claim for damages under TILA, such claim must be dismissed.

### II. Virginia Consumer Protection Act

In Count I of her complaint, the plaintiff asserts a claim for damages under the Virginia Consumer Protection Act ("VCPA"). To support this claim, the plaintiff summarily alleges that the "defendants" engaged in "unfair and deceptive collection practices" in violation of the VCPA, that they "conducted themselves in this manner with intent to defraud and with legal and actual malice." Compl. 6.

To state a claim under the VCPA, a plaintiff must allege facts sufficient to show (1) that a "fraudulent act[] or practice[]," (2) was "committed by a supplier," (3) "in connection with a

5

consumer transaction." Va. Code § 59.1-200. Because the VCPA prohibits fraudulent conduct, VCPA claims are subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Wynn's Extended Care, Inc. v. Bradley, 619 F. App'x 216, 220 (4th Cir. 2015); see also Nahigian v. Juno Loudon, LLC, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010) ("As a claim sounding in fraud, Rule 9(b)'s particularity requirements apply."). Under Rule 9(b), a plaintiff is "required to state with particularity the circumstances constituting fraud," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Weidman v. ExxonMobil Corp., 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted).

Here, the plaintiff merely alleges, in a vague and conclusory fashion, that the defendants engaged in unfair and deceptive practices in violation of the VCPA. She does not state with particularity the circumstances constituting deception or fraud, or identify which defendant or defendants engaged in a fraudulent act or practice. Because the plaintiff's allegations are plainly insufficient to meet the particularity requirements of Rule 9(b), her VCPA claim must be dismissed.

### III. Fair Debt Collection Practices Act

In Count II of her complaint, the plaintiff asserts a claim for damages under the Fair Debt Collection Practices Act ("FDCPA"). She alleges that a singular "defendant" is "a self proclaimed debt collector," and that the "defendant" violated the FDCPA by falsely representing that money is owed by the plaintiff; threatening to report unpaid amounts to the Internal Revenue Service; using a false or fictitious name; falsely representing the name of the creditor to whom the debt is owed; falsely representing that the plaintiff's property would be sold if the plaintiff did not pay the debt; and failing to respond to the plaintiff's requests for validation of the debt. Compl. 7-9.

6

To state a claim under the FDCPA, the plaintiff must allege sufficient facts to demonstrate that: (1) she has been the object of collection activity arising from consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has engaged in an act or omission prohibited by the FDCPA. Stewart v. Bierman, 859 F. Supp. 2d 754, 759 (D. Md. 2012); see also Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (citing Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).

Here, the plaintiff does not identify which "defendant" was involved in any purported violation of the FDCPA, much less allege sufficient facts to plausibly establish that such defendant is a "debt collector" for purposes of the FDCPA or engaged in debt collection activity prohibited by the Act. The court agrees with the moving defendants that the bare, conclusory allegations set forth in the plaintiff's complaint are insufficient to state a viable claim for relief under the FDCPA. See Bryant v. Wells Fargo Bank, 861 F. Supp. 2d 646, 652-53 (E.D.N.C. 2012) (emphasizing that the plaintiffs failed to allege which of the multitude of defendants engaged in conduct in violation of the FDCPA, and that the "allegation that all defendants violated the FDCPA by engaging in numerous improper tactics in correspondence was insufficient to put the . . . defendants on notice of the nature of the plaintiffs' FDCPA claims against them"); Montalbano v. Nat'l Arbitration Forum, LLC, 2012 U.S. Dist. LEXIS 109034, at *12 (D. Md. Aug. 3, 2012) (granting a motion to dismiss where a plaintiff's allegations in support of an FDCPA claim were "devoid of factual details" and made "in conclusory terms"). Accordingly, this claim is also subject to dismissal.

### IV. **Identity Theft**

In Count III of the complaint, the plaintiff asserts a claim for "identity theft." Compl. 11. To support this count, the plaintiff alleges that "[t]he defendant obtained records from the public domain that pertain to the plaintiff's property and rights to her property, and then used the data elements from these records to create additional records and convince the personnel working in the

7

court system to participate in the administrative theft of the plaintiff's home." Id. 14. The plaintiff further alleges that "[t]he defendant used plaintiff's information to sell the plaintiff's property at a public auction in order to further give the appearance that it was legal when it was not." Id. 15.

The plaintiff does not identify any particular statutory or common law basis for the identity theft claim. The federal identity theft statute, 10 U.S.C. § 1028, is criminal in nature and provides no private cause of action or civil remedy. Rahmani v. Resorts Int'l Hotel Inc., 20 F. Supp. 2d 932, 937 (E.D. Va. 1998), aff'd, 182 F. 3d 909 (4th Cir. 1999). The same is true for the state identity theft statute. See Va. Code § 18.2-186.3. To the extent this particular claim could be construed as one for fraud under state law, the plaintiff's complaint does not allege the essential elements of such claim or meet the heightened pleading requirements of Rule 9(b).[3] As a result, this claim must be dismissed.

## Conclusion

For the reasons stated, the motions to dismiss filed by Guillot, Muncy, AMIP, and MERS will be granted, and the case will be dismissed in its entirety. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 16th day of June, 2016.

_____
Chief United States District Judge

---

[3] Under Virginia law, the essential elements of a claim for fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994).

8